**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JAMES EUGENE HOTCHKISS, # B-81014,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 15-cv-773-MJR** |
| | ) | |
| **GALE GLADSON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff, currently incarcerated at Vienna Correctional Center ("Vienna"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His claims arose while he was a pretrial detainee at the Jackson County Jail ("the Jail"). Plaintiff claims that Defendant Gladson, a nurse, denied medical treatment and gave him improper treatment for his serious medical condition. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.

In his statement of claim, Plaintiff says that he was held in the Jail from September 18, 2014, until February 26, 2015 (Doc. 1-2, p. 1). He sought treatment from Defendant Gladson, a nurse, for a sore on the top of his right foot.

Plaintiff explained to Defendant Gladson that he had suffered a chemical burn in 2007, when he was splashed with a chemical cleaning solution on the same area of his right foot where the sore appeared in 2014. However, Defendant Gladson concluded that Plaintiff had athlete's foot, and treated him with medication for that problem from September 29, 2014, to January 31, 2015. She told him that if he did not continue this treatment, he would not receive

any help.  Plaintiff alleges that he actually suffered from a skin ulcer, not athlete's foot. Defendant Gladson should have treated him for the ulcer, but instead gave him the wrong medication.

By January 31, 2015, Plaintiff's right foot had become painfully inflamed.  On that date, Plaintiff was "finally" sent to the emergency room by Sgt. Bludworth (Doc. 1-2, p. 4). He was suffering from "numerous sores" that were not responding to Defendant Gladson's treatment (Doc. 1-2, p. 3).  An emergency room physician referred Plaintiff to the wound care center, because the emergency room could not provide the care Plaintiff needed (Doc. 1-2, p. 4).

Plaintiff was returned to the Jail.  On February 1, 2015, the wound care center contacted the Jail to set up an appointment for Plaintiff.  However, Defendant Gladson refused to make an appointment for him to receive this recommended care at that time (Doc. 1-2, p. 5).

On February 13, 2015, Plaintiff was seen by the wound care specialist, who prescribed an ointment and dressings for Plaintiff's skin lesion, and recommended he return in one week for a follow-up.  On February 20, 2015, the wound care center recommended that Plaintiff visit a dermatologist.  He then had a total of four ulcers on his foot (Doc. 1-4, pp. 8-9). That same day, Defendant Gladson attempted but was unable to make a dermatology appointment for Plaintiff, and ordered his wound supplies (Doc. 1-2, p. 7).  She made him an appointment for lab work and x-rays on February 24, 2015.

Defendant Gladson changed the dressing on Plaintiff's wound each day.  He takes issue with her medical record notations, where she stated it appeared that Plaintiff had "messed with" the dressing or possibly put cleaning supplies on the wound (Doc. 1-2, p. 7).

Plaintiff complains that he suffered pain for several months, and now has scars because of the incorrect treatment and medication provided by Defendant Gladson.  He was

ultimately treated by a dermatologist. After he was sentenced and transferred to the Shawnee

Correctional Center, he was placed on an I.V. for about a week. He notes that he fully recovered

from several foot ulcers in May 2015 (Doc. 1-2, p. 12). Plaintiff seeks compensatory damages

(Doc. 1, p. 6).

## Merits Review Pursuant to 28 U.S.C. § 1915A

Under § 1915A, the Court is required to conduct a prompt threshold review of the

complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which

relief may be granted, or seek monetary relief from an immune defendant.

An action or claim is frivolous if "it lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that

refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*,

209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief

must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is

plausible on its face "when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true,

*see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so

sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v.*

*Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate

abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At

the same time, however, the factual allegations of a pro se complaint are to be liberally

construed.  *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Plaintiff was a pretrial detainee at the time his claim arose against Defendant Gladson.  The Due Process Clause of the Fourteenth Amendment governs claims for unconstitutional conditions of confinement and denial of medical care brought by pretrial detainees.  *See Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013); *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012); *Forest v. Prine*, 620 F.3d 739, 744-45 (7th Cir. 2010); *Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008).  The Eighth Amendment governs claims for convicted prisoners.  *Id.*

Pretrial detainees are afforded "*at least* as much protection as the constitution provides convicted prisoners,"  *Board v. Farnham*, 394 F.3d 469, 477-78 (7th Cir. 2005) (emphasis in original) (internal quotations and citations omitted).  The Seventh Circuit has generally applied the same standards to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners).  *Id.*  Thus, for "cruel and unusual punishment" claims brought by a detainee, the plaintiff must show that the jail officials knew that the plaintiff was at risk of serious harm, and that they disregarded that risk by failing to take reasonable measures to abate it.[1]  *Grieveson v. Anderson*, 538 F.3d 763, 771-72, 777-79 (7th Cir. 2008); *see also Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

---

[1] In *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (June 22, 2015), the Supreme Court recently ruled that a pretrial detainee's Fourteenth Amendment due process claim regarding the use of excessive force turned on the objective reasonableness of the use of force, and proof as to the defendants' mental state was not required.  *Id.* at 2472-73.  However, the high court specifically declined to decide whether such an objective standard might suffice in a case involving mistreatment of a detainee, as the defendants in that case did not dispute that they had acted purposefully or knowingly.  Nevertheless, the *Kingsley* Court noted that an objective standard had been applied in *Bell v. Wolfish*, 441 U.S. 520, 541-43 (1979), relative to a variety of prison conditions, including double-bunking.  *Kingsley*, 135 S. Ct. at 2472-74.  *Bell* did not specifically state that an objective standard applied; rather, the *Kingsley* Court characterized the

Plaintiff's chief complaint against Defendant Gladson is that she misdiagnosed his problem as athlete's foot and gave him inappropriate and ineffective treatment which allowed his foot ulcer to worsen.   However, medical negligence or even malpractice does not violate the Constitution.   *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001); *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996).   Plaintiff's ailment was objectively serious, and Defendant Gladson provided him with treatment.   Her mistake in treating him for the wrong condition does not rise to the level of a constitutional violation.

Nonetheless, it is possible that her persistence in continuing a course of treatment which was not only ineffective in curing the original wound, but also failed to stop him from developing more ulcers, could amount to a constitutional harm.   *See Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005).   Moreover, Plaintiff alleges that Defendant Gladson initially refused to follow the emergency room doctor's direction to refer him to the wound care clinic.   This delay in treatment may also state a claim.   *See Perez v. Fenoglio*, __ F.3d __, No. 12-3084, 2015 WL 4092294, at *4-6 (7th Cir. July 7, 2015) (Eighth Amendment claim may be stated where prisoner's injury was serious and painful, and defendants' delay in making referral to specialist prolonged his suffering).

Further factual development will be required in order to determine whether Defendant Gladson's conduct violated Plaintiff's Fourteenth Amendment rights.   Accordingly, this claim shall receive further review.

**<u>Pending Motion</u>**

Plaintiff's motion for recruitment of counsel (Doc. 4) shall be referred to the United States Magistrate Judge for further consideration.

---

"rationally related" and "appears excessive in relation to a legitimate nonpunitive governmental purpose" standards as being objective.

**<u>Disposition</u>**

The Clerk of Court shall prepare for Defendant **GLADSON**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 4).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  August 10, 2015**

<u>s/ MICHAEL J. REAGAN</u>
Chief Judge
United States District Court